Argued and submitted September 19, 1996, affirmed April 30, 1997

In the Matter of the Compensation of
Max Walton, Claimant.

PEPSI COLA BOTTLING CO.,
*Petitioner,*

*v.*

Max WALTON,
*Respondent.*

(Agency No. 94-13340; CA A91169)

938 P2d 234

Kenneth L. Kleinsmith argued the cause for petitioner. With him on the brief was Meyers, Radler, Replogle & Bohy.

Lori E. Deveny argued the cause for respondent. With her on the brief was Pozzi Wilson Atchison.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

**ARMSTRONG, J.**

Employer seeks review of an order of the Workers' Compensation Board that set aside its partial denial of claimant's generalized rheumatoid arthritis condition. We review for substantial evidence and errors of law, ORS 656.298(6), ORS 183.482(8)(c), and affirm.

Claimant twisted his left ankle in 1974 while placing cases of beverages on pallets for employer. Claimant's treating physician, Dr. Rice, diagnosed an acute sprain of the left ankle and preexisting rheumatoid arthritis. Employer accepted the claim as a nondisabling left ankle sprain.

In July 1979, Dr. Burroughs reported that claimant had rheumatic disease involving several joints, including his left ankle. Burroughs concluded that claimant's condition was related to his on-the-job injury. Burroughs took claimant off work in March 1981 due to a flare-up of rheumatic disease in claimant's left ankle, right knee, hands and wrists. Employer treated Burroughs' action as a request to reopen the claim for the 1974 injury. Employer denied that request in May 1981 on the ground that the 1974 injury had not caused a "significant worsening of [claimant's] underlying condition." In its denial, employer defined claimant's underlying condition as a "type of rheumatic disease." Claimant requested a hearing on the denial.

An administrative law judge (ALJ) set aside the denial in March 1982, concluding that the worsened rheumatic disease was a consequence of claimant's compensable ankle injury. Employer did not seek review of that order.

Burroughs continued to treat claimant from 1983 to 1991. In February 1991, Burroughs told employer that he was treating claimant for degenerative and rheumatoid arthritis, the symptoms and impairments of which were due to the 1974 ankle injury. Burroughs further advised employer that the 1974 compensable injury was the major contributing cause of the onset of claimant's diffuse joint disease.

In September 1994, employer issued a denial of claimant's rheumatoid arthritis. In its denial, employer reiterated its acceptance of the 1974 left ankle sprain and its obligation to provide benefits for that condition and for the degenerative traumatic arthritis in that ankle. Employer asserted, however, that those conditions were not the cause of claimant's need for treatment of his generalized rheumatoid arthritis. Claimant requested a hearing on the denial.

In February 1995, an ALJ set aside the denial and assessed a penalty against employer on the ground that the denial was unreasonable. The Board affirmed the ALJ's order. It held that employer was precluded from denying the compensability of claimant's generalized rheumatoid arthritis condition because that condition had been determined to be compensable by the March 1982 order.

■ ■ On review, employer first argues that the Board erred in concluding that it was precluded from denying the compensability of claimant's generalized rheumatoid arthritis condition. Under the doctrine of issue preclusion, if an issue of fact or law is actually litigated and determined in a valid and final decision and the determination of that issue is essential to the decision, the determination is conclusive in a subsequent proceeding between the parties, whether on the same or a different claim. *Drews v. EBI Companies*, 310 Or 134, 139-40, 795 P2d 531 (1990). Thus, whether employer is precluded from denying claimant's generalized rheumatoid arthritis condition depends on whether the compensability of that condition was litigated and determined in the March 1982 order. Employer contends that it was not and that the March 1982 order established only the compensability of claimant's left ankle arthritis.

The March 1982 order provides, as relevant:

"I first conclude that the claim is compensable and that [employer] is liable. The weight of the medical evidence persuades that but for the original ankle injury and residuals, claimant would not have required the medical care received in 1981 and after. This is more of a 'consequential condition' case than [an] occupational disease [case]."

The Board concluded that "the March 1982 order establishes * * * that claimant's underlying rheumatic disease is compensably related to his August 1974 injury." Contrary to employer's assertion, there is substantial evidence in the record to support that conclusion.

In July 1979, Burroughs reported that claimant had rheumatic disease involving several joints, including the left ankle. Burroughs concluded that that illness was related to claimant's on-the-job injury. In March 1981, Burroughs took claimant off work due to left ankle, right knee, hand and wrist symptoms. Based on that medical evidence, the employer issued its May 1981 denial, which provides as relevant:

> "In reviewing the information we have, including all the medical evidence, there is no indication that your August 6, 1974 work injury caused a significant worsening of your underlying condition which has given rise to your need for this time off and medical treatment.
>
> "The underlying condition appears to be a type of rheumatic disease."

Thus, employer specifically denied responsibility for claimant's rheumatic disease. Because employer's denial did not specify a particular body part, and the medical evidence on which employer based its denial established that claimant had "rheumatic disease" in several joints of his body, the Board reasonably could conclude that the reference to "rheumatic disease" in the denial letter referred to claimant's generalized rheumatoid arthritis.

Hence, because the Board reasonably could conclude that employer denied a claim for generalized rheumatoid arthritis, there is substantial evidence to support the Board's conclusion that the March 1982 order that set aside that denial established the compensability of that condition. Accordingly, the Board properly could conclude that employer is now precluded from denying the compensability of claimant's generalized rheumatoid arthritis.

■ Employer next argues that, in determining that the March 1982 order establishes the compensability of claimant's rheumatoid arthritis, the Board failed to consider the

1995 changes to the Workers' Compensation Law. Specifically, employer argues that the Board failed to consider changes to ORS 656.005(7)(a)(B), which now provides that where a compensable injury combines with a preexisting condition, a worker must establish that the compensable injury is the major contributing cause of the "disability of the combined condition or the major contributing cause of the need for treatment of the combined condition." Or Laws 1995, ch 332, § 1.

Neither the former nor the current version of ORS 656.005(7)(a)(B) applies to claimant's claim. In order for the statute to apply, a compensable injury must combine with a preexisting condition. Claimant's ankle injury and rheumatoid arthritis have previously been determined to be compensable. Employer does not contend that those compensable injuries have combined with any other condition to cause disability or a need for treatment. Hence, the Board did not err in failing to apply ORS 656.005(7)(a)(B) to this case.

In its final assignment of error, employer argues that the Board erred in assessing a penalty against it for unreasonably denying compensation for claimant's generalized rheumatoid arthritis. We deny that assignment of error without discussion.

Affirmed.